William PAGE and Sherry Page

v.

CITY OF AUBURN and Deborah Gordon.

Supreme Judicial Court of Maine.

Argued Jan. 18, 1982.
Decided Feb. 3, 1982.

Harold Lichten, Pine Tree Legal Assistance (orally), Lewiston, for plaintiffs.

Linnell, Choate & Webber by G. Curtis Webber (orally), Auburn, for defendants.

Gary C. Wood, Augusta, for amicus curiae Maine Municipal Ass'n.

Before McKUSICK, C. J., GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

WATHEN, Justice.

The defendants, the City of Auburn and Deborah Gordon,[1] appeal from a judgment issued by the Superior Court (Androscoggin County) in favor of the plaintiffs, William and Sherry Page, who are husband and wife. The Pages commenced this action pursuant to 22 M.R.S.A. § 4507 (1980) and M.R.Civ.P. 80B to obtain judicial review of a decision of the City of Auburn Fair Hearing Authority finding Mr. Page eligible for general assistance in the amount of $20 and finding Mrs. Page totally ineligible because she had voluntarily terminated her employment. The Authority based its decision on a city ordinance prescribing standards of eligibility for general assistance which reads in pertinent part:

Sec. 5.5 REGISTRATION WITH THE MAINE EMPLOYMENT SECURITY COMMISSION (MESC) AND SEEKING OF EMPLOYMENT

. . . . .

(c) The following conditions will cause the applicant or any member of the household not specifically exempted in subsection 5.5(d) to be ineligible for general assistance for a period of 60 days from time of such action:

1) voluntarily quitting employment, or voluntarily causing his or her own unemployment; . . .

Neither the Fair Hearing Authority nor Mrs. Page's general assistance caseworker made any findings concerning her immediate and actual needs at the time of her application since the ordinance clearly rendered her ineligible without regard to her ability to obtain the basic necessities.

Confronted by these undisputed facts, the court below reversed the decision of the Fair Hearing Authority denying Mrs. Page assistance, and held that the Auburn "ordinance upon which the agency's decision was based contravenes 22 M.R.S.A. § 4450." Section 4450 defines the general assistance programs as "a service administered by a municipality for the immediate aid of persons who are unable to provide the basic necessities essential to maintain themselves or their families." The municipality must operate a general assistance program in accordance with duly enacted ordinances which "shall establish standards of eligibility for relief. These standards shall . . . [g]overn the determination of need of persons applying for relief and the amount of assistance to be provided to eligible persons." 22 M.R.S.A. § 4504(1), (3 A) (1980).

We agree with the court below that the statutory scheme governing general assistance programs does not permit the municipality to deny aid to persons in need solely because they have voluntarily terminated their employment. We have recently said that "need is the exclusive criterion for eligibility for relief under a general assistance program." *Beaulieu v. City of Lewiston,* Me., 440 A.2d 334 (1982). By enacting this ordinance, the city has impermissibly conditioned eligibility on factors other than immediate need.

We note that the legislature implicitly resolved the issue raised by this appeal when it enacted 22 M.R.S.A. § 4504(5) (1980). This statute permits municipalities to deny assistance for sixty days to an "otherwise eligible person who refuses a suitable job [with the municipality] . . . without just cause." Section 4504(5)(F). We interpret this statute as embodying a legislative decision *not* to deny assistance to persons who are in need but are able to perform some compensable jobs, and as rejecting any principle that employable applicants who have caused, or contributed to causing, their impecunious condition are,

---

1. Deborah Gordon was sued in her official capacity as the Director of the Auburn Welfare Department.

for that reason alone, rendered ineligible for immediate aid under the municipal general assistance program. We find further support for this interpretation in subsection (D) of Section 4504(5), which states: "In no case shall an eligible person with an immediate need be required to perform work under this subsection *prior* to receiving general assistance." (emphasis added) The legislature has indicated that ability to work is not related to the initial determination of eligibility.[2]

We conclude that the statutory scheme regulating general assistance programs prohibits the municipality from enacting ordinances prescribing standards for eligibility which permit initial consideration of factors other than immediate financial need. The Auburn ordinance, by requiring the welfare worker to deny assistance where an applicant has "voluntarily quit" her job, violates the statutory mandate. We therefore affirm the Superior Court ruling

> that it was error for the Auburn Fair Hearing Authority to determine that Mrs. Page was ineligible to receive general assistance benefits for 60 days based on the fact that she terminated her own employment [since] the ordinance upon which the agency's decision was based contravenes [the statutory scheme governing general assistance programs].

We also affirm the Superior Court order remanding this case to the Fair Hearing Authority with instructions to remand it further to the Auburn Welfare Department for findings on Mrs. Page's eligibility for general assistance consistent with the opinion herein.

The entry is:

Judgment affirmed.

All concurring.

2. At the time of Mrs. Page's application, the City of Auburn had not enacted a workfare program.