STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. AP-14-046

DAWN WARK,

        Petitioner

                                                  DECISION AND ORDER

v.

THE TOWN OF STANDISH,

        Respondent

                                        MAR 05 2015

                                        RECEIVED

I.      Background

        A. Procedural Posture

        Petitioner Dawn Wark brings this action pursuant to M.R. Civ. P. 80B.

Petitioner appeals a denial of general assistance for basic necessities by

respondent Town of Standish. (Pet.'s Ex. 1A.) She was disqualified from general

assistance eligibility for 120 days due to fraud. She appealed the decision to the

Town of Standish fair hearing officer, who affirmed the disqualification decision.

(Letter of 8/8/14.)

        B. Facts

        Petitioner moved to Standish, Maine and began receiving general

assistance in late 2013. The record contains applications, approvals, and voucher

benefits that were paid between January 2014 and July 2014. (Pet.'s Exs. 2-5.) On

July 30, 2014, the Town of Standish General Assistance Manager issued a Notice

of Determination for General Assistance Eligibility and stated petitioner was

"denied for 120 days do [sic] to fraud." (Pet.'s Ex. 1A.) The Notice explained:

> It was brought to my attention that you have been transferring
> prescriptions to Portland and paying cash for them. I was not
> informed of money in kind from any family members or as to why

1

you are transferring prescriptions back to Portland when I'm paying for you to live in Standish.

(Pet.'s Ex. 1A.) Petitioner appealed the denial and requested a hearing. (Pet.'s Ex. 1A at 4-5.) A hearing was held on August 5, 2014, before Fair Hearing Officer Terence Christy. A case manager from Catholic Charities and a paralegal from Pine Tree Legal Assistance represented petitioner.

Among other necessities, petitioner received assistance for prescription drug purchases. She had also received vouchers for prescription drug purchases from Catholic Charities. (Tr. 23:6-22.) Petitioner required the medication to treat a number of illnesses, including chronic obstructive pulmonary disease, asthma, and emphysema. (Tr. 17:7-9.) During the winter and into spring of 2014, petitioner contracted pneumonia, which resulted in a trip to the emergency room on July 24, 2014. (Tr. 22:17-18; 24:16-20.) While in the hospital, petitioner attempted to call the Town's general assistance officer to request additional assistance for new prescription medication to treat complications related to the pneumonia. (Tr. 24:18-20; 25:10-17.) Petitioner testified she never received a call back while at the emergency room. (Tr. 24:12-25:5.) Because she believed she would not receive a call back, petitioner picked up the prescription from the Portland pharmacy with her father on July 28, the day she was released from the hospital. (Tr. 25:10-26:1.) Petitioner's father paid cash to the pharmacy for the prescription. (Tr. 29:17-18.) Petitioner had previously reported receiving in kind income from her father on her April 2014 application. (Tr. 42:7-11.) Petitioner sometimes picked up prescriptions from the Portland pharmacy for convenience because many of her doctors are located in Portland. (Tr. 26:18-20.)

2

The Hearing Officer affirmed the denial on two grounds: (1) failure to disclose outside sources of income to purchase prescription medicine; and (2) transferring prescriptions from a Standish pharmacy to a Portland pharmacy, which "open[ed] the door to the fraud charge by transferring something that was already paid for by the Town of Standish." (Letter of 8/8/14.) The Hearing Officer also advised petitioner to keep her case manager and general assistance officer updated as to mailing address, living arrangements, and money in kind. (Id. 2.)

II. Discussion

A. Rule 80B Standard

The Superior Court reviews government agency decisions pursuant to Rule 80B for errors of law, abuse of discretion, or findings not supported by substantial evidence. Aydelott v. City of Portland, 2010 ME 25, ¶ 10, 990 A.2d 1024. The party challenging the decision below has the burden of proof to overturn the decision. Id. The petitioner must establish "not only that the [decision maker's] findings are unsupported by record evidence, but also that the record compels contrary findings." Total Quality, Inc. v. Town of Scarborough, 588 A.2d 283, 284 (Me. 1991).

The court reviews the interpretation of municipal ordinances de novo. Nugent v. Town of Camden, 1998 ME 92, ¶ 7, 710 A.2d 245. In construing ordinances, the court looks "to the plain meaning of its language to give effect to the legislative intent, and if the meaning . . . is clear, [the court] need not look beyond the words themselves." Wister v. Town of Mount Desert, 2009 ME 66, ¶ 17, 974 A.2d 903. "The terms or expressions in an ordinance are to be construed reasonably with regard to both the objectives sought to be obtained and the

3

general structure of the ordinance as a whole." Jordan v. City of Ellsworth, 2003 ME 82, ¶ 9, 828 A.2d 768 (internal quotation marks omitted).

### B. General Assistance, False Representations, and Income

State law requires municipalities to administer a general assistance program by ordinance. 22 M.R.S. § 4305(1) (2014). The ordinance must govern eligible persons and relief amounts, provide individuals the opportunity to apply for relief, and provide that relief shall be denied or furnished within 24 hours after the application submission. Id. § 4305(3)(A)-(C).

The Town of Standish has adopted the model general assistance ordinance drafted by the Maine Municipal Association. Standish, Me., Gen. Assist. Ordinance; (Tr. 64:8-19.) Under the ordinance, at the time of application, the applicant is obligated to "provide accurate, complete and current household information and verifiable documentation" as to income, resources, assets, employment, use of income, names and addresses of any relatives legally liable for the applicant's support, and "any change in this information from a previous application that would affect household eligibility." Ordinance, § 4.5. Consistent with state law, written decisions must be issued within 24 hours, "each time a person applies, whether assistance is granted, denied, reduced or terminated." Ordinance, § 4.6.

The fraud provision of the ordinance states:

It is unlawful for a person to make knowingly and willfully a false representation of material fact[1] to the administrator in order to

---

[1] The false representation provision of the state's general assistance statute states: "Whoever knowingly and willfully makes any false representation of a material fact to the overseer of any municipality or to the department or its agents for the purpose of causing that or any other person to be granted assistance by the municipality or by the State is ineligible for assistance for a period of 120 days and is guilty of a Class E crime." 22 M.R.S. § 4315 (2014).

4

receive general assistance or cause someone else to receive general assistance. False representation shall consist of any individual knowingly and willfully: (a) making a false statement to the general assistance administrator, either orally or in writing, in order to obtain assistance to which the applicant or the applicant's household is not entitled; (b) concealing information from the general assistance administrator in order to obtain assistance to which the applicant or applicant's household is not entitled; or (c) using general assistance benefits for a purpose other than that for which they were intended.

Ordinance, § 6.4.

The Law Court has had occasion to vacate several municipal decisions in which general assistance was denied on the basis of fraud or a failure to report income. In Gilman v. City of Lewiston, the court held that a Lewiston administrator erred by denying assistance on the basis that the applicant failed to report income. 524 A.2d 1205, 1208 (Me. 1987). Under the Lewiston ordinance, the applicant had the right to receive first notice about conflicting information or the need for further information prior to a denial. Id. at 1207-08. Because a failure to report income was not a basis for denial under the ordinance and the applicant was not provided an opportunity to supplement the information about his earnings, the court vacated the decision. Id. 1208.[2]

Ranco v. City of Bangor concerned an alleged willful and knowing false representation of material fact to obtain general assistance. 1997 ME 65, 691 A.2d 1238. When the Rancos applied for general assistance, they failed to disclose that a third person, Christopher Lombard, lived with them. Id. ¶ 3. At a meeting with a caseworker, Ms. Ranco asked if the household would be eligible for more assistance if a third person moved in. Further questioning revealed Mr.

---

[2] The City did not allege plaintiff knowingly or willingly made a false statement of material fact. The court, accordingly, did not consider whether the omission constituted fraud. Id. 1208 n.2.

5

Lombard's presence and resulted in a denial for fraud. Id. ¶ 4. With Ms. Ranco's help, Mr. Lombard had separately applied for general assistance the previous month and disclosed his temporary residence in the Ranco home. Id. ¶ 2.

The Law Court held that the record did not support a finding that by omitting Mr. Lombard from their application, the Rancos willfully or knowingly made a false statement of material fact to obtain more assistance. Id. ¶ 7. The court emphasized that if the Rancos intended to make false statements to obtain additional assistance, Mr. Lombard could have applied as a one-person household, entitling them to several hundred dollars in additional funds. Id. The inquiry as to the effect of a third person in the household at the caseworker meeting and omission from the application was insufficient to constitute general assistance fraud under 22 M.R.S. § 4315.

## C. The Record Does Not Support A Finding of Fraud

The focus of this appeal is whether petitioner committed fraud when she accepted and did not immediately report medication that was paid for by her father.[3] In order to commit fraud, petitioner must have knowingly and willfully made a false statement of material fact to receive general assistance. Ordinance, §

---

[3] The other issues discussed by the hearing officer are not relevant. Petitioner should have ensured that the Town's general assistance administrator and pharmacies from which she acquired medication had updated information but this has no bearing on fraud. To constitute fraud, the ordinance is clear that the applicant must make a false statement or conceal information in order to obtain assistance. Ordinance, § 6.4(a)-(b). There was no evidence in the record that petitioner listed false addresses or failed to update her address in order to obtain assistance to which she was not entitled. The fact that petitioner picked up her prescriptions from a Portland rather than Standish pharmacy is similarly not relevant. The Town does not point to any provision in state law or the ordinance that requires filling a prescription for drugs paid for by general assistance at a pharmacy in the municipality in which the applicant resides. Even if there were such a rule, a violation would not give rise to fraud unless there was evidence to suggest petitioner transferred the prescription to other pharmacies to obtain additional assistance wrongfully.

6

6.4. The alleged fraud here stems from petitioner's failure to report income in kind, the medicine provided by her father.

As required in the ordinance and consistent with this record, applicants for general assistance apply each month. Accurate, complete, and up-to-date information regarding income and support from family members is required at the time the applicant submits the application for assistance. See Ordinance, § 4.5.

Petitioner was denied assistance based on fraud on July 30, 2014, before she had the opportunity to submit a new application. At the hearing, the Standish General Assistance Officer, Ruth-Ann LaBrecque, testified that on July 29, the Hannaford pharmacy contacted her by phone and informed her that petitioner had transferred prescriptions to Portland and paid cash for them. Officer LaBrecque then called state authorities. She testified:

> I've not had a case of fraud before. I've not had to do any of this type of thing so I called the state of Maine and I spoke to one of the field examiners and I explained the situation and they said it's fraud. And I said okay, she has an appointment tomorrow . . . Should I notify her ahead of time I'm determining that she's ineligible for GA due to fraud? And I was advised yes.

(Tr. 42:20-43:2.) The denial on the basis of fraud was made, therefore, before petitioner submitted an application for the following month.

Respondent focuses on the eligibility provision of the ordinance to argue petitioner was obligated to report the income immediately after obtaining the medication on July 28, or at least prior to July 29 when Officer LaBrecque received the call from the pharmacy. In respondent's view, petitioner's failure to report immediately the income amounted to a knowing and willful material misrepresentation to obtain general assistance to which she was not entitled.

7

(Resp. Brief 9.) This argument has no explicit support in the ordinance or state law.

The eligibility provision in the ordinance provides:

> The overseer may redetermine a person's eligibility at any time during the period that person is receiving assistance if the overseer is informed of any change in the recipient's circumstances that may affect the amount of assistance to which the recipient is entitled or that may make the recipient ineligible, provided that once a determination of eligibility has been made for a specific time period, a reduction in assistance for that time period may not be made without prior written notice to the recipient with the reasons for the action and an opportunity for the recipient to receive a fair hearing upon the proposed change.

Ordinance, § 6.3.· This provision provides a procedure for the program overseer to take steps toward reducing assistance or determining a recipient is no longer eligible based on a change in circumstances.

The correct procedure in this case would have required Officer LaBrecque to provide petitioner with written notice of the proposed change to her general assistance on the basis of information received from the pharmacy. Pending an opportunity for a fair hearing, the notice would amount to a "proposed change." Rather than proposing to reduce the petitioner's general assistance, Officer LaBrecque denied the application and alleged fraud. (Pet.'s Exs. 1A, 4.) This occurred before petitioner had the opportunity to apply and disclose her income for that month.

Under the ordinance, the Town's eligibility determination and the applicant's obligation to disclose outside sources of income do not arise until the recipient reapplies. Ordinance, § 6.3. ("The overseer shall determine eligibility

---

· Section 6.3 tracks the state procedure. See 22 M.R.S. § 4309(2).

8

each time a person applies or reapplies for general assistance . . . [r]epeat applicants are also responsible for providing any changes of information reported on previous applications including changes in his/her household or income that may affect his/her eligibility.") Even if petitioner had failed to report the income on her application, the denial prior to the fair hearing contravened the ordinance. Ordinance, § 6.4 ("No person may be denied assistance solely for making a false representation prior to being given the opportunity for a fair hearing.")

The income may have affected petitioner's eligibility by reducing the assistance amount, but failing to report the income prior to applying did not amount to fraud. Petitioner could not knowingly or willfully make a false statement of material fact by "concealing information from the general assistance administrator in order to obtain assistance to which the applicant . . . is not entitled" until petitioner applied. Ordinance, § 6.4(b).

Instead of waiting to see whether petitioner reported the income on July 30, Officer LaBrecque issued a denial and alleged fraud. If petitioner had been afforded the opportunity to apply, there is no evidence she intended to conceal the income, contrary to respondent's argument. (Resp.'s Br. 9.). Similar information had been reported in the past. Petitioner previously disclosed $43 of in kind income, also medication supplied by her father, on her April 2014 assistance application. (Pet.'s Ex. 2; Tr. 42:7-11.) As there is no evidence in the record to support a finding of fraud, the denial must be vacated.

Although the court in Ranco and Gilman construed different ordinance schemes, those cases provide several principles that support the result here. When the court examines whether an applicant willfully or knowingly makes a

9

false representation of material fact to obtain assistance, or is culpable for failure to report income, the court looks to the application. Ranco, 1997 ME 65, ¶ 3, 691 A.2d 1238 ("The general assistance application completed by the Rancos . . . did not indicate that anyone else was living with them."); Gilman, 524 A.2d at 1207 (noting applicant failed to report income on his application). If the ordinance provides a procedure for reviewing periodic changes in a recipient's eligibility, those procedures must be followed. Id. at 1207-08. Unless otherwise allowed by those procedures, a general assistance administrator may not issue a denial before providing the applicant the opportunity to explain or supply additional information relevant to eligibility. Id. at 1208; see also Ordinance, § 6.3. Lastly, as emphasized above, the record must contain some evidence that the applicant intentionally concealed the information for the purpose of obtaining additional assistance. Ranco, 1997 ME 65, ¶ 7, 691 A.2d 1238.

III.    Conclusions

Petitioner was denied general assistance and accused of fraud before she applied and was given an opportunity to disclose additional income. The record contains no evidence that petitioner knowingly or willfully concealed the income in order to obtain additional assistance. Because the record compels a contrary conclusion, the court vacates the decision. Total Quality, Inc., 588 A.2d at 284.

The entry is

> The Decision of the Town of Standish Fair Hearing Officer dated 8/8/14 is VACATED. This case is REMANDED to the Town of Standish for further proceedings consistent with this Decision and Order.

Dated: March 5, 2015

Nancy Mills
Justice, Superior Court    5 MAR '15 AM 11:43

10

KENNETH COLE ESQ
ALYSSA TIBBETTS ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112



KATHERINE MCGOVERN ESQ
PINE TREE LEGAL ASSISTANCE
PO BOX 547
PORTLAND ME 04112