**Cindy GREGORY et al.**

v.

**TOWN OF PITTSFIELD et al.**

Supreme Judicial Court of Maine.

Argued June 20, 1984.

Decided Aug. 13, 1984.

Linda Christ, Pine Tree Legal Assistance, Inc., Augusta, for plaintiff.

Locke, Campbell & Chapman, Frank G. Chapman (orally), Augusta, for defendants.

James E. Tierney, Atty. Gen., Rufus Brown, Deputy Atty. Gen., Susan P. Herman, Asst. Atty. Gen., orally, amicus curiae.

Gary C. Wood, Augusta, for Maine Municipal Ass'n, amicus curiae.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Plaintiffs Cindy and Tim Gregory brought an action in Superior Court (Somerset County) that, *inter alia*, claimed, pursuant to 42 U.S.C. § 1983 (1981), that defendants Town of Pittsfield and its town manager violated their federal constitution-

al rights to procedural due process in that the Town denied the Gregorys general assistance benefits without adhering to Maine's statutory procedures. Plaintiffs also sought attorney's fees under 42 U.S.C. § 1988 (1981). They now appeal from the Superior Court's summary judgment dismissing both claims with prejudice. We deny the appeal.

## I.

At the time of the events in question plaintiffs resided at the Carriage Inn Motel in Pittsfield with their three young children. Cindy worked as a maid in the motel while her husband looked after the children. In March 1982 the Gregorys twice received general assistance benefits from the Town of Pittsfield in the form of "food orders." On April 6, 1982, Cindy Gregory applied for general assistance in the form of a rent payment. At that time she told the town clerk that she would soon receive her $301 check under the Aid to Families with Dependent Children (AFDC) program and asked whether she could use that check to pay a $300 traffic fine, for which her husband had been jailed, without risking her eligibility for rent assistance. Cindy was advised to return the next day for an answer, since the clerk needed to consult with the town attorney on the matter. The attorney advised that the decision of what to do with the AFDC check was Mrs. Gregory's but that the rent assistance should be given. Mrs. Gregory was so informed when she returned on the 7th and was granted the rent assistance. She paid her husband's fine with the AFDC money.

On April 13, 1982, Mrs. Gregory again requested weekly rent assistance and spoke with the new town manager, Gene Moyers. She informed Moyers and the town clerk that on the advice of her parole officer, she had quit her job as some of her duties were possible parole violations. Moyers denied her April 13th request for general assistance, filing a "Notice of Gen-

eral Assistance Decision," which stated the grounds to be that Mrs. Gregory had quit her job and had spent her AFDC check on her husband's fine rather than on the children and other family needs. However, no written notice of the decision was sent to the Gregorys.

On Friday, April 16, 1982, Cindy Gregory and Gene Moyers met to discuss the denial. Moyers advised Mrs. Gregory to return on the following Tuesday and pursue the fair hearing procedure. She did not return the next Tuesday, but rather on Friday, April 23, 1982, plaintiffs filed the present action in Superior Court. In this action, the Gregorys sought a temporary restraining order (TRO) against the Town's denial of general assistance, and also, in addition to various claims under state law, sought relief under 42 U.S.C. § 1983 on the ground that defendants had violated plaintiffs' fourteenth amendment rights to due process. In connection with the latter claim, plaintiffs sought attorney's fees pursuant to 42 U.S.C. § 1988 (1981).

On the morning of April 23 a Superior Court justice heard the Gregorys' motion for a TRO and denied the same on the ground that they had made no showing of irreparable harm. The court believed that the Gregorys were protected against the threat of eviction by their landlord by state law prohibiting unlawful evictions. The court directed the Gregorys to exhaust the administrative hearing procedure and instructed the "Fair Hearing Authority" of the Town to follow this court's decision in *Page v. City of Auburn*, 440 A.2d 363 (Me.1982), which held that voluntary termination of employment is not a valid ground for denying an applicant general assistance benefits. The Gregorys immediately informed their landlord of the Superior Court's decision. The landlord, however, told the Gregorys that he still planned to evict them. Late in the day, the Gregorys contacted the court and attempted to schedule a hearing on their oral request for a

TRO against the landlord's evicting them, but the court advised them that a hearing was not immediately possible. Also on April 23 the Gregorys went to the town office, where they requested a fair hearing on the denial of their April 13 request for general assistance. At that time they completed another application for assistance, which was denied. On the next day, Saturday the 24th, the Gregorys moved from the Carriage Inn Motel in Pittsfield to Eddington, where Cindy's father lived.

On April 29, 1982, a fair hearing was held reviewing the April 13 denial of assistance. The Town's Fair Hearing Authority declined to follow *Page* and upheld the denial because Mrs. Gregory had quit her job and failed to use benefits and resources to reduce the need for general assistance. On May 12, 1982, Moyers refused the Gregorys' request for a fair hearing on the denial of their April 23 request for assistance.

By an order dated February 11, 1983, the Superior Court ruled on the then remaining claims presented by plaintiffs' complaint. The court remanded the issue of the April 13 denial to the Fair Hearing Authority with instructions to grant the requested assistance. It also ordered the Fair Hearing Authority to determine plaintiffs' need as of the April 23 application and grant aid accordingly. The court further granted summary judgment in plaintiffs' favor on their claim that defendants' failure to make written decisions within 24 hours of the date of their applications for assistance, as prescribed by 22 M.R.S.A. §§ 4504(3)(C), 4505 (1980), and defendants' failure to hold a fair hearing within seven days of a request therefor, pursuant to 22 M.R.S.A. § 4507 (1980),[1] violated plaintiffs' federal due process rights. A damages hearing on that claim was to be scheduled later. Then on May 12, 1983, defendants filed a motion entitled "Motion for Judgment and Dismissal," seeking reconsideration of the federal due process portion of the court's February 11 order in light of our decision in *Jackson v. Town of Searsport*, 456 A.2d 852 (Me.1983), issued on February 18, 1983. On July 22, 1983, the Superior Court reversed its earlier ruling and granted summary judgment for defendants as to plaintiffs' procedural due process claim, dismissing that claim with prejudice.[2] From that judgment plaintiffs now appeal.

## II.

At the time of the events in question, 22 M.R.S.A. §§ 4450–4508 (1980)[3] comprised the state statutory scheme for administering general assistance programs in Maine. In addition, each Maine municipality was, and still is, required to enact a comprehensive general assistance ordinance supplementing the state statute. *See* 22 M.R.S.A. § 4504(1) (1980).[4] All general assistance programs in Maine are thus run with reference to both the state statute and a municipal ordinance.

General assistance benefits may come in the form of food, clothing, housing, heat, or medical care. Municipalities grant such benefits only for a specific time period as, for example, a week's allowance for food or rent. These benefits are granted to meet a specific need of the applicant and are to terminate when that need is met. General

---

**1.** 22 M.R.S.A. §§ 4450–4508 were repealed and replaced by P.L.1983, ch. 577, § 1 (effective September 23, 1983) (current version at 22 M.R.S.A. §§ 4301–4324 (Supp.1983–1984)).

**2.** All of the other numerous claims stated in the Gregorys' complaint, as amended, were either adjudicated by the Superior Court or voluntarily dismissed pursuant to M.R.Civ.P. 41(a)(1). Following the Superior Court's February 11, 1983, decision, the Town of Pittsfield provided plaintiffs the general assistance benefits that had originally been denied.

**3.** See note 1 above.

**4.** The current provision, 22 M.R.S.A. § 4305(1) (Supp.1983–1984), is identical to section 4504(1).

assistance is unlike other government aid programs in that each application for benefits requires a *de novo* determination of need. In contrast to AFDC, for example, general assistance benefits in a specific amount are not distributed at regular intervals, continuing until the recipient's economic status changes. Rather, general assistance is intended to meet a particular immediate need, and once that need is met the recipient must establish his need anew before he is entitled to later benefits.

Evaluation of plaintiffs' claim that defendants deprived them of procedural due process requires a two-part analysis:

> First, it must be determined if there has been a deprivation of an individual's life, liberty or property interests. Second, if such a deprivation has occurred, a determination must be made as to what process is due under the fourteenth amendment.

*Jackson v. Town of Searsport*, 456 A.2d at 856 (citing *Ingraham v. Wright*, 430 U.S. 651, 672, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977)). The Gregorys argue that by virtue of their prior receipt of food orders and rent assistance (both forms of general assistance), they are continuing recipients of these benefits and have a "property" interest in them, which is entitled to the fourteenth amendment protections of procedural due process.[5] This argument is without merit. In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the United States Supreme Court made clear that the existence of a property interest in particular benefits is determined by reference to the state or local laws establishing such benefits:

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.* at 577, 92 S.Ct. at 2709. *See Goss v. Lopez*, 419 U.S. 565, 572–73, 95 S.Ct. 729, 735, 42 L.Ed.2d 725 (1975).

Maine's statutory scheme of the general assistance program precludes plaintiffs from holding a property interest in general assistance benefits on the basis of their prior receipt of those benefits. 22 M.R.S.A. § 4450(2), in effect at the time the instant dispute arose, provided that

> [a] general assistance program provides a specific amount and type of aid for defined needs during a limited period of time and is not intended to be a continuing "grant-in-aid" or "categorical" welfare program. This definition shall not in any way lessen the responsibility of each municipality to provide general assistance to a person each time that the person has need and is found to be eligible to receive general assistance.[6]

By this language, a continuing recipient of general assistance benefits is a statutory impossibility since eligibility for the benefits never "continues" but rather is determined *de novo* for each application. Prior receipt of general assistance benefits is of no consequence to a subsequent application since the applicant's immediate need is the sole criterion for decision. Thus, general assistance applicants are treated as first-time applicants no matter how many times they have received benefits in the past.

■ Neither do plaintiffs have a property interest in general assistance benefits as first-time applicants. In *Roth*, the Supreme Court wrote that "[t]he Fourteenth Amendment's procedural protection of

---

5. This case is therefore distinguishable from *Jackson v. Town of Searsport*, 456 A.2d 852, 857 (Me.1983), where the plaintiff claimed a property right in the statutory procedure itself.

6. The current provision, 22 M.R.S.A. § 4301(5) (Supp.1983–1984), is identical to section 4450(2).

property is a safeguard of the security of interests that a person has already acquired in specific benefits." 408 U.S. at 576, 92 S.Ct. at 2708. In Maine a general assistance applicant has no property interest in benefits until he has been found qualified and eligible by the local authority responsible for administering the general assistance program. When a determination of eligibility has been made, the applicant has acquired an interest in the benefits. Without this determination, an applicant, no matter what his financial status, has no more than an abstract expectancy of benefits, which in no case can rise to the level of a constitutionally protected property right. *See Zobriscky v. Los Angeles County*, 28 Cal.App.3d 930, 105 Cal.Rptr. 121 (1972) (due process guarantees need not be extended to general assistance applicants).

### III.

■■■■ Even if plaintiffs had a constitutionally protected property interest in general assistance benefits, the procedures available to them at state law were sufficient to satisfy the federal due process standard. Where state law provides adequate redress to a plaintiff deprived of a constitutionally protected property interest, no section 1983 action will lie. *See Parratt v. Taylor*, 451 U.S. 527, 538–44, 101 S.Ct. 1908, 1914–1917 (1981); *Jackson v. Town of Searsport*, 456 A.2d at 859. In *Jackson*

we recognized the validity of this rule, whether the deprivation be the product of negligence as in *Parratt* or the product of intentional action as in *Jackson*. In *Jackson*, the plaintiff was denied an award of attorney's fees under 42 U.S.C. § 1988 because his federal procedural due process claim had failed.[7] We concluded that the procedural devices made available to the plaintiff by state law satisfied due process and precluded a section 1983 action.

An applicant who is denied general assistance in Maine has meaningful procedures available to rectify an erroneous decision. First, he or she has a right to an administrative "fair hearing" after the initial denial. *See* 22 M.R.S.A. § 4507. If still unsatisfied, the denied applicant may then seek direct judicial review in the Superior Court pursuant to M.R.Civ.P. 80B. *See id.* Lastly, the applicant, if still unvindicated, has an appeal of right to the Law Court. Plaintiffs conceded at oral argument that they are not challenging the adequacy of the statutorily prescribed procedures. Rather, they allege that the failure of Pittsfield to follow those procedures deprived them of due process. We explicitly stated in *Jackson*, however, that general assistance applicants have no property interest in statutory procedures themselves. 456 A.2d at 857–58. *Parratt* and *Jackson* control this case and defeat plaintiffs' section 1983 claim.[8] Even if plaintiffs had a colorable property claim to general assistance benefits, the state law remedies avail-

---

7. *Wyman v. Town of Skowhegan*, 464 A.2d 181 (Me.1983), a case in which attorney's fees were granted under 42 U.S.C. § 1988, does not detract from the holding of *Jackson*. In *Jackson*, the plaintiff could not recover attorney's fees because his only federal cause of action, a procedural due process claim, was denied in view of the adequacy of state remedies. In *Wyman*, however, the plaintiffs prevailed on federal equal protection and right to travel claims and were thus "prevailing parties" for section 1988 purposes.

8. Plaintiffs' contention that a section 1983 action must lie because under Maine law compensatory damages, punitive damages, and attor-

ney's fees cannot be recovered under state law is without merit. In *Parratt* the Court specifically stated:

> Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirement of due process.

451 U.S. at 544, 101 S.Ct. at 1917. In *Jackson* we found the state remedy to be adequate even though attorney's fees could not be recovered under state law. The state law remedies available were adequate to compensate the *Jackson* plaintiffs' loss. *See* 456 A.2d at 859–60.

able were adequate to compensate plaintiffs for their loss and satisfied the requirements of due process.

The entry is:

Judgment affirmed.

All concurring.