No. 84–5720. GREGORY v. TOWN OF PITTSFIELD ET AL. Sup. Jud. Ct. Me. Certiorari denied. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

JUSTICE O'CONNOR, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

This petition raises important and unresolved issues concerning the protection afforded by the Due Process Clause of the Fourteenth Amendment to applicants for general assistance. Because the decision below relies on a questionable reading of this Court's precedent to hold that such applicants are entitled to no procedural safeguards whatsoever and, alternatively, that state law remedies provide sufficient due process, I would grant certiorari.

Petitioner Cindy Gregory and her husband on April 13, 1982, filed an application with respondent town of Pittsfield, Maine, seeking general assistance in order to pay their rent. The Town Manager, respondent Gene Moyers, denied this request on the grounds that Mrs. Gregory had quit her job and had spent an Aid to Families with Dependent Children check to obtain her husband's release from jail. Contrary to the requirements of state law, Moyers did not provide a written notice of this decision

---

informing Mrs. Gregory of her right to an administrative hearing.[1] Mrs. Gregory unsuccessfully requested assistance again on April 16. On the morning of April 23, she filed an action in the Superior Court of Somerset County, State of Maine, requesting a temporary restraining order against the town's denial of general assistance. The court directed Mrs. Gregory to exhaust the administrative hearing procedure established by Me. Rev. Stat. Ann., Tit. 22, § 4507 (1980), and instructed the town's hearing authority to follow the decision of the Maine Supreme Court in *Page* v. *City of Auburn*, 440 A. 2d 363 (1982), which held that voluntary termination of employment is not a valid ground for denying general assistance. On the afternoon of April 23, Mrs. Gregory went to the Pittsfield Municipal Office and filed written requests for general assistance and for an administrative hearing on the denial of her April 13 application. The request for assistance was denied, and the town again failed to provide Mrs. Gregory with written notice of the decision. On April 29, 1983, the town's hearing authority upheld the denial of benefits requested on April 13 and refused to review the denial of the April 23 application.

Thwarted in her efforts to obtain assistance, Mrs. Gregory then filed an action in Superior Court requesting review of the hearing authority's decision pursuant to state law and also seeking relief under 42 U. S. C. § 1983 for alleged constitutional deprivations. The Superior Court held that Mrs. Gregory was entitled to an award of assistance based on the April 13 application and that the town's hearing authority had violated statutory requirements by refusing to hold a hearing on her April 23 application. Moreover, the court found that the town's policy was not to provide applicants with a written decision unless the applicant went to the Municipal Office and submitted a request. This policy, along with

---

[1] The general assistance statute in effect at the time required that a decision concerning an applicant's eligibility be made within 24 hours after an application was submitted. Me. Rev. Stat. Ann., Tit. 22, § 4504(3)(C) (1980). Furthermore, the statute required that an applicant be provided written notice explaining the reasons for the decision and the right to an administrative hearing. § 4505. The administrative hearing was to be held within seven days of receipt of a written request for a hearing. § 4507.

Maine has since replaced its previous general assistance statute. 1983 Me. Acts, ch. 577, § 1. See Me. Rev. Stat. Ann., Tit. 22, §§ 4301–4324 (Supp. 1984–1985). The new provisions also contain requirements for written notice of a right to hearing. See §§ 4321, 4322.

the refusal to hold a hearing on the April 23 application, "flagrantly violated the statutory procedures for the administration of the general assistance program." App. 2 to Pet. for Cert. 6 (footnote omitted). The Superior Court further found that the town's failure to provide Mrs. Gregory written notice of her right to a hearing to review the denial of benefits and the subsequent refusal to conduct such a hearing constituted a denial of due process in violation of the Fourteenth Amendment. Before damages were determined with respect to the due process claim, the Superior Court amended its earlier decision in light of *Jackson* v. *Inhabitants of Town of Searsport*, 456 A. 2d 852 (Me.), cert. denied *sub nom. Jackson* v. *Handley*, 464 U. S. 825 (1983), to hold that petitioner did not have a cognizable claim of a denial of due process. Consequently, the court dismissed with prejudice Mrs. Gregory's § 1983 claim.

The Maine Supreme Judicial Court affirmed the dismissal of the § 1983 claim on alternative grounds. 479 A. 2d 1304 (1984). First, the state court noted that under state law, general assistance grants are made on the basis of a specific determination of need. Recipients are not eligible for continued payments simply on the basis of prior benefits, but instead must make a *de novo* showing of eligibility to obtain each particular grant. Me. Rev. Stat. Ann., Tit. 22, § 4450(2) (1980). This fact, the Supreme Judicial Court concluded, implies that an applicant for general assistance does not have a property interest in benefits until he or she is found eligible to receive such assistance. "Without this determination, an applicant, no matter what his financial status, has no more than an abstract expectancy of benefits, which in no case can rise to the level of a constitutionally protected property right." 479 A. 2d, at 1308. In the alternative, the Supreme Judicial Court held that even if Mrs. Gregory was entitled to the protections of due process, *Parratt* v. *Taylor*, 451 U. S. 527 (1981), indicated that state procedures afforded all the process due. 479 A. 2d, at 1308–1309. Under state law, unsuccessful applicants for assistance are entitled to an administrative hearing and judicial review. Pursuant to those provisions, after the Superior Court issued its first decision in February 1983, the town awarded Mrs. Gregory the assistance that it had denied the previous April. See *id.*, at 1306, n. 2. Relying on its decision in *Jackson* v. *Town of Searsport, supra*, the Supreme Judicial Court concluded that state law remedies were adequate to compensate petitioner and her

husband for any loss and thereby satisfied the requirements of due process. 479 A. 2d, at 1308.

The conclusion of the Supreme Judicial Court that an applicant for general assistance does not have an interest protected by the Due Process Clause is unsettling in its implication that less fortunate persons in our society may arbitrarily be denied benefits that a State has granted as a matter of right. There is no dispute that Mrs. Gregory was entitled under Maine law to the general assistance benefits denied to her in April 1982. We have held that state statutes or regulations prescribing the substantive predicates for state action may create liberty interests protected by due process. *Hewitt* v. *Helms*, 459 U. S. 460, 470–472 (1983) (finding that prisoner had protected liberty interest in remaining in general prison population). One would think that where state law creates an entitlement to general assistance based on certain substantive conditions, there similarly results a property interest that warrants at least some procedural safeguards. Cf. *Greenholtz* v. *Nebraska Penal Inmates*, 442 U. S. 1, 12 (1979) (finding parole applicant's expectancy of release entitled to some measure of constitutional protection). Although this Court has never addressed the issue whether applicants for general assistance have a protected property interest, see *Peer* v. *Griffeth*, 445 U. S. 970 (1980) (REHNQUIST, J., dissenting from denial of certiorari), the weight of authority among lower courts is contrary to the conclusion of the Supreme Judicial Court. See, *e. g.*, *Daniels* v. *Woodbury County, Iowa*, 742 F. 2d 1128, 1132–1133 (CA8 1984); *Griffeth* v. *Detrich*, 603 F. 2d 118, 120–121 (CA9 1979), cert. denied *sub nom. Peer* v. *Griffeth, supra; White* v. *Roughton*, 530 F. 2d 750, 755 (CA7 1976); *Johnston* v. *Shaw*, 556 F. Supp. 406, 412–413 (ND Tex. 1982). But see *Zobriscky* v. *Los Angeles County*, 28 Cal. App. 3d 930, 105 Cal. Rptr. 121 (1972).

Assuming that applicants for general assistance are entitled to some procedural safeguards, the Supreme Judicial Court further held that the statutory procedures afforded by state law provide sufficient process. This conclusion rests on a reading of *Parratt* v. *Taylor* that is more expansive than this Court previously has endorsed. *Parratt* held that a postdeprivation state tort action afforded all the process that was due to remedy a "tortious loss of . . . property as a result of a random and unauthorized act by a state employee." 451 U. S., at 541. See also *Hudson* v. *Palmer*, 468 U. S. 517, 533 (1984) (applying *Parratt* to unau-

thorized, intentional deprivation of property by a state employee). The present case is far removed from the facts of *Parratt*, where prison employees negligently lost an inmate's mail-order hobby kit. In contrast, here the town of Pittsfield had a policy, contrary to the requirements of state law, not to provide written notice to applicants denied general assistance. If we assume, *arguendo*, that due process requires the provision of such notice, it is questionable whether *Parratt* suggests that a municipal policy denying those procedures comports with the Constitution so long as state law makes some remedy available. Cf. *Logan* v. *Zimmerman Brush Co.*, 455 U. S. 422, 435–436 (1982) (postdeprivation remedies do not satisfy due process where deprivation is caused by established state procedures).

*Parratt* reasoned that postdeprivation procedures may satisfy the requirements of due process in circumstances in which predeprivation process is impracticable. 451 U. S., at 539–541. In the context of unauthorized deprivations by individual state employees, the State cannot possibly provide a meaningful predeprivation hearing, and therefore adequate postdeprivation state remedies may satisfy the procedural requirements of the Due Process Clause. *Id.*, at 541–542; see also *Hudson* v. *Palmer, supra,* at 533. This reasoning cannot readily be extended to the facts of the present case. First, the deprivation involved here did not result from the unauthorized conduct of individual employees, but instead reflected the town's policy. Second, the alleged denial of due process was not the town's failure to provide a hearing prior to denying the application for general assistance. Instead, petitioner complains of the town's refusal to provide her with notice explaining the decision and informing her of a statutory right to a hearing. It does not seem impracticable to insist that the town afford these minimal procedural protections.[2]

Even if the reasoning of *Parratt* applies in circumstances in which a municipal policy causes deprivations of protected property interests, it is by no means clear that the state law remedies available in the instant case are adequate. The state procedures did allow Mrs. Gregory to obtain grants of general assistance nearly

---

[2] Indeed, the Superior Court noted that the town had previously entered into a consent decree related to its refusal to follow the procedural requirements of Maine's general assistance statute. *Grass* v. *Commissioner of Dept. of Human Services*, Civ. Action No. 79–31–SD (Me., Mar. 31, 1980), App. 2 to Pet. for Cert. 6–7, n. 3.

one year after her application was improperly denied. Those procedures, however, made no provision for the recovery of damages resulting from the town's failure to provide her with notice or a prompt hearing. Mrs. Gregory's complaint alleged that as a result of the town's actions, she and her children were forced to leave their home and to move to another town. Any state tort action against the town or responsible employees apparently would be barred by the immunity provisions of the Maine Tort Claims Act, Me. Rev. Stat. Ann., Tit. 14, §§ 8103, 8111 (1980). Although *Parratt* acknowledged that state remedies may be adequate even though they may not provide a plaintiff with as large a recovery as he might receive in a § 1983 action, 451 U. S., at 544, it would be a novel extension of that proposition to infer that eventual restoration of a property interest, no matter how belated, constitutes an adequate remedy for the intervening deprivation and any consequent damages. Cf. *ibid.* (noting that available state remedies could fully compensate for property loss).

By suggesting that an applicant for general assistance may arbitrarily be denied benefits, the holding below adopts a proposition not endorsed previously by this Court and in conflict with the decisions of several other courts. Moreover, our previous decisions do not easily support the conclusion below that if applicants are entitled to some procedural safeguards, postdeprivation procedures are sufficient to remedy a municipal policy of denying unsuccessful applicants a required written notice explaining their right to an administrative hearing. The reasoning of the Supreme Judicial Court is troubling in its general implications as well as its application in this case. Consequently, I respectfully dissent from the denial of certiorari.