Randal **BUSHEY** et al.

v.

**TOWN OF CHINA.**

Supreme Judicial Court of Maine.

Argued June 7, 1994.

Decided Aug. 3, 1994.

Eric M. Mehnert (orally), Hawkes & Mehnert, Augusta, for plaintiffs.

Donald H. Marden (orally), Marden, Dubord, Bernier & Stevens, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Randal C. and Lillian Bushey appeal from a judgment entered in the Superior Court (Kennebec County, *Crowley, J.*) affirming a decision of the Town of China Board of Zoning Appeal revoking their conditional use permit to raise and sell puppies and granting the Town's motion for a summary judgment on their Title 42 U.S.C. section 1983 action. The Busheys argue that the Town promulgated an unconstitutionally vague ordinance; acted arbitrarily and capriciously; exceeded its authority; and violated their rights to equal protection, procedural due process, and substantive due process. The Town cross-appeals, contending that the court abused its discretion in failing to award it attorney fees. Because we find no merit in the Busheys' procedural, substantive, and constitutional arguments, and because we find that the board of appeals properly revoked the permit based on a finding that the Busheys had not complied with its conditions, we affirm the judgment.

In June 1989, the Busheys applied to the CEO for a building permit to erect "dog runs and [a] building for dog pens" on their property. Their application was approved, and soon thereafter they acquired between forty and fifty dogs of multiple breeds and began selling puppies to the public and in the wholesale trade.

In January 1991, after receiving numerous complaints from neighbors over the dogs' constant barking, the Code Enforcement Officer of the Town visited the kennel and told the Busheys that their operation was a "commercial" use pursuant to the Town's land use ordinance and that they needed to apply for a conditional use permit. They did. In February 1991, after a public hearing, the planning board approved the application for a conditional use permit subject to three conditions: the off-site disposal of solid waste, the installation of a buffer for noise control, and the installation of a mechanical dog silencer device. The conditions were required to be in place by early June.

In July 1991, the planning board determined that the Busheys had met the three conditions. In a timely fashion a neighbor appealed that decision to the board of appeals pursuant to the ordinance. In September 1991, after hearing evidence from neighbors as to the ineffectiveness of the noise reduction devices and from the Busheys as to their repeated but vain attempts to comply with the conditions, the board of appeals found, pursuant to section 12(B)(7) of the ordinance [1], that the Busheys had failed to meet the conditions. It concluded that the Busheys had made substantial efforts to ameliorate the effect of the kennel operation on adjacent properties to no avail. The Busheys' permit was revoked and the kennel ceased operations.

 We first reject the Busheys' argument that the ordinance's failure to define "commercial use" renders it unconstitutionally vague. Words must be given their plain and ordinary meaning and must not be construed to create "absurd, inconsistent, unrea-

---

1. Section 12(B)(7) of the Ordinance provides in pertinent part:
 The Planning Board shall approve a Conditional Use Application unless it makes one or more of the following written findings with respect to the proposed use:

 . . . . .

 (e) The *proposed use* will have a *significant* detrimental effect on the use and peaceful enjoyment of abutting property as a result of noise, vibrations, fumes, odor, dust, glare or other cause.
 Land Use Ordinance of the Town of China (Feb. 4, 1989, amended Dec. 6, 1990). Section 12(C)(2) provides that the board of appeals may hear appeals from determinations of the planning board and reverse a determination if any finding of fact is unsupported by substantial evidence. *Id.*

sonable, or illogical" results. *Mahaney v. State*, 610 A.2d 738, 741 (Me.1992). A statute is unconstitutionally vague only when "it sets guidelines which would force men of general intelligence to guess at its meaning, leaving them without assurance that their behavior complies with legal requirements and forcing courts to be uncertain in their interpretation of the law." *Maine Milk Producers, Inc. v. Commissioner of Agriculture, Food and Rural Resources*, 483 A.2d 1213, 1220 (Me.1984). In general, the word "commercial" as used in the law of zoning denotes a use for profit. 83 Am.Jur.2d *Zoning and Planning* § 287 (1992 & Supp.1994). The plain, ordinary meaning of commercial use embraces the Busheys' regular sale of puppies, both wholesale and retail, through advertising media and word-of-mouth. They were not forced to guess at the term's meaning. *See Town of Pownal v. Emerson*, 639 A.2d 619, 621 (Me.1994) (ordinance that failed to define "unserviceable" with respect to discarded automobiles was not unconstitutionally vague); *Gorham v. Town of Cape Elizabeth*, 625 A.2d 898, 900–01 (Me.1993) (ordinance that allowed conditional use permit as long as proposed use did not "adversely affect" value of adjacent properties was not unconstitutionally vague); *Inhabitants of the Town of Kittery v. Campbell*, 455 A.2d 30, 33 (Me.1983); *Bell v. Barrett*, 241 Ga. 103, 243 S.E.2d 40, 41 (1978) (term "commercial," when applied to kennel operation was "sufficiently self-explanatory to give defendant fair notice" of the ordinance).

With respect to the Busheys' argument that their kennel operations should have been deemed an agricultural operation, we need only point to the supplemental "China Dog and Livestock Ordinance," whose provisions regarding canines are entirely discrete from those governing cows, horses, sheep, and swine. *See* 83 Am.Jur.2d *Zoning and Planning* § 404 (generally, the breeding, raising and care of dogs constitute animal husbandry and not agriculture).

■ There was no arbitrary or capricious conduct on the part of the Town's agencies. The permit application and appeals processes pursuant to the ordinance were properly invoked. *See Cardinali v. Town of Berwick*,

550 A.2d 921, 921 (Me.1988) ("planning boards and other agencies have the inherent power to reconsider actions previously taken"); 83 Am.Jur.2d *Zoning and Planning* § 55 (even if arbitrariness or capriciousness of an ordinance provision is "fairly debatable," many courts will not substitute their judgment for the zoning authority).

■ That another couple was not required to obtain a conditional use permit to erect a kennel for their four Great Danes when their intent was to raise, at most, one litter of puppies each year does not establish a denial of equal protection of the law. The number of dogs and the regularity of sales, both wholesale and retail, were factors in the Town's decision to require the Busheys to obtain a conditional use permit. *See Downey v. Wells Sanitary Dist.*, 561 A.2d 174, 176 (Me.1989) ("Distinctions are constitutional as long as they are rationally related to the objective of the regulation and are not 'arbitrary, unreasonable, or irrational.' ") (citation omitted); *Lambert v. Wentworth*, 423 A.2d 527, 531 (Me.1980) ("Not all discrimination based on classification is a denial of equal protection.").

There was no violation of the Busheys' right to procedural due process. Contrary to their contention, the August appeal was not from the February granting of the conditional use permit but from the July determination that the conditions had been met. The appeal was timely.

■ As the party attacking the constitutionality of the ordinance on substantive due process grounds, the Busheys may prevail only if they show "by clear and irrefutable evidence that the ordinance infringes paramount law." *Adler v. Town of Cumberland*, 623 A.2d 178, 180 (Me.1993). The Busheys fail to make that showing. *See* Me. Const. art. 1, § 6–A; *Butler v. Supreme Judicial Court*, 611 A.2d 987, 991 (Me.1992); *Penobscot Area Housing Dev. Corp. v. City of Brewer*, 434 A.2d 14, 24 n. 9 (Me.1981) (unless fundamental rights are implicated, substantive due process challenge to zoning ordinance is inappropriate).

■ Contrary to the Busheys' argument, the Town is not estopped from revoking their conditional use permit. They knew that they

would have to meet the conditions imposed and their failure to do so would result in the permit's revocation. Abutting property owners properly appealed the planning board's decision and the board of appeals reviewed the matter. Because there was no detrimental reliance by the Busheys on any act or declaration by the Town, estoppel is unavailable to them. *See City of Auburn v. Desgrosseilliers,* 578 A.2d 712, 714 (Me.1990).

We now turn to the Busheys' challenge to the board's factual findings. When the Superior Court acts as an intermediate appellate court, we review directly the record of the proceedings before the board. *Vector Marketing Corp. v. Maine Unemployment Ins. Comm'n,* 610 A.2d 272, 274 (Me.1992). We will not overturn the factual findings of a board unless they are unsupported by substantial evidence in the record. *Sanford Properties v. Town of Sanford,* 609 A.2d 287, 288 (Me.1992); *Gulick v. Board of Envtl. Protection,* 452 A.2d 1202, 1207–08 (Me.1982). The fact that there is inconsistent evidence in the record or that a different conclusion could be drawn does not render the board's findings invalid. *Town of Vienna v. Kokernak,* 612 A.2d 870, 872 (Me.1992). Based on the ample evidence in the present case, the board did not clearly err in determining that the conditions had not been met.[2] *Sanford Properties,* 609 A.2d at 287; *Gulick,* 452 A.2d at 1207–08; *see also Waterville Hotel Corp. v. Board of Zoning Appeals,* 241 A.2d 50, 52 (Me.1968) ("The legislative body may specify conditions under which certain uses may exist and may delegate to the Board discretion in determining whether or not those conditions have been met."); *LaPointe v. City of Saco,* 419 A.2d 1013, 1015 (Me.1980) ("The terms of a zoning ordinance must be construed reasonably with regard both to the objects sought to be obtained and to the general structure of the ordinance as a whole."); *Stucki v. Plavin,* 291 A.2d 508, 511 (Me.1972) ("The Board's sole function should be to determine whether or not the ... conditions precedent ... exist.").

Because the Busheys had an adequate state law remedy for any alleged violation by the Town of their civil rights, they are precluded from seeking a federal remedy pursuant to Title 42 U.S.C. § 1983. *Gregory v. Town of Pittsfield,* 479 A.2d 1304, 1308 (Me.1984), *cert. denied,* 470 U.S. 1018, 105 S.Ct. 1380, 84 L.Ed.2d 399 (1985). With respect to the Town's cross-appeal pursuant to the same section, the fact that the Busheys ultimately lost their federal civil rights claim is not, in and of itself, justification for awarding the prevailing Town its attorney fees. *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). The trial court determined that there was some merit to the Busheys' claims and acted within its discretion in denying fees. *Solmitz v. Maine Sch. Admin. Dist. No. 59,* 495 A.2d 812, 821 (Me.1985); *Burr v. Town of Rangeley,* 549 A.2d 733, 735 (Me.1988); *see also Lipsett v. Blanco,* 975 F.2d 934, 937 (1st Cir.1992) (trial court's discretion in awarding fees is "extremely broad"); *Libby v. Illinois High Sch. Ass'n,* 921 F.2d 96, 98 (7th Cir. 1990) (no abuse of discretion if "any reasonable person could take the view adopted by the trial court").

The entry is:

Judgment affirmed.

All concurring.

---

**2.** There is no merit to the Busheys' novel argument that the board of appeals impermissibly required the noise reduction devices to work. A "performance standard" is implicit in the ordinance. A conditional use may not have "a significant detrimental effect on the use and peaceful enjoyment of abutting property as a result of noise...." Section 12(B)(7) of the Ordinance.