STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-12
DHM KEN- 7/17/2013

NATE HOLYOKE BUILDERS et al.,

Plaintiffs

v.

**ORDER**

MAINE WORKERS' COMPENSATION
BOARD,

Defendant

Before the Court is Defendant Maine Workers' Compensation Board ("WCB") motion to dismiss Plaintiff Nate Holyoke Builders, Inc.'s ("NHB") complaint for declaratory and injunctive relief pursuant to Rule 80C and 42 U.S.C. § 1983. Because the Plaintiff cites Rule 80C in its complaint, the Defendant seeks dismissal on the ground that there is no final agency action as a jurisdictional impediment. *See Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 14, 962 A.2d 335 (requiring dismissal because the court lacked subject matter jurisdiction). The motion further argues that the appropriate forum for appellate review is the Law Court after a decision issued by the Defendant. The Defendant further asserts in its motion that the complaint fails to state a claim for which relief can granted to the extent that Plaintiff seeks review in the underlying administrative proceeding in which the action is time barred. Defendant's motion further goes on to argue that the Plaintiff fails to comply with M.R. Civ. P. 80C(i). Finally, the Defendant asserts that the Plaintiff cannot claim relief under 42 U.S.C. § 1983 on due process grounds and on the basis that the Legislature has established a process for review that is adequate to address the claims. Defendant argues that a state law remedy is

adequate and the Plaintiff fails to identify a protected property interest and other due process violations.

Notwithstanding the title of the complaint as a "Complaint for Declaratory and Injunctive Relief Pursuant to Rule 80C and 42 U.S.C. § 1983," the language of the complaint does not invoke a petition for judicial review under Rule 80C. Accordingly, the underlying matter before the Court is a complaint for declaratory judgment and injunctive relief and due process claims under 42 U.S.C. § 1983. Therefore, the Court will not respond to Defendant's arguments that the Plaintiff has failed to comply with the terms of M.R. Civ. P. 80C.

Plaintiff points out that it is a Maine business corporation performing as a general contractor in the construction of residential homes. It asserts that at all relevant times it has been the named insured under Workers' Compensation and Employers Liability Insurance policies issued by various insurers, and by specifically identifying three policies. The complaint states,

> The WCB has admitted in the pending adversarial matter it commenced against Nate Holyoke Builders that the workers' compensation policies issued to Nate Holyoke Buildings and in place at all times material to this matter in fact would be required to respond and pay workers' compensation benefits to any person found to be an employee of Nate Holyoke Builders entitled to such benefits, even if that employee was unknown to the workers' compensation insurer or had previously been issued a decision by the WCB granting that person a predetermination status as an independent contractor.

Plaintiff goes on to explain Maine Bureau of Insurance Regulation, Chapter 470, which outlines the process of conducting an audit and advising the insured employer that additional premium is owed. It recites 39-A M.R.S.A. § 401(1) and (3) as the law regarding the requirement of the Plaintiff to comply and ensures that at all times material to the complaint and the administrative proceeding it had the appropriate workers' compensation insurance policies.

2

And further, as to this Plaintiff, the WCB had issued multiple decisions granting predetermination of independent contractor status.

In October 2010, the WCB notified the Plaintiff that it would conduct an audit to verify compliance with the insurance coverage requirement of the Workers' Compensation Act. After completion of the audit, the WCB auditor issued a report titled, "Employee Misclassification Audit Report" dated December 8, 2010 (the "Audit Report"). The Audit Report indicated that Plaintiff may have misclassified employees as independent contractors and sought verification. It is alleged that the Audit Report was kept confidential by the WCB and neither the Audit Report nor its contents were provided to the Plaintiff for almost one year. Finally, the complaint alleges that subsequent to the Audit Report, "the WCB issued new decisions granting and reaffirming predeterminations of independent contractor status to every subcontractor who sought such determination and who the WCB had previously identified in the Audit Report as possibly misclassified."

In its prayer for relief, Plaintiff asserts that the WCB does not have jurisdiction under sections 324(3), 401, and 403 to collect additional premiums, and the workers are entitled to an order enjoining the WCB from engaging in the collection activity. In its second prayer, the Plaintiff alleges denial of due process under 42 U.S.C. § 1983, and Article I, section 6-A of the Maine Constitution. In this prayer it seeks attorney fees and costs and alleges that the WCB made decisions determining error in the predetermination status without disclosure to the Plaintiff. Finally, in its third prayer, the Plaintiff asks the Court to estop the Defendant from imposing sanctions against it.

Dismissal is proper if the complaint fails to state a claim upon which relief can be granted. M.R. Civ. P. 12(b)(6); *Shaw v. S. Aroostook Cmty. Sch. Dist.*, 683 A.2d 502, 503 (Me.

3

1996). The Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether the elements of a cause of action are properly set forth, and accordingly, "the material allegations of the complaint must be taken as admitted." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claims.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (*quoting Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)). The sufficiency of a claim pursuant to Rule 12(b)(6) is a question of law. *See Bowen v. Eastman*, 645 A.2d 5, 6-7 (Me. 1994). Last, "[w]hen a motion to dismiss is based on the court's lack of subject matter jurisdiction, we make no favorable inferences in favor of the plaintiff such as we do when reviewing a motion to dismiss for failure to state a claim upon which relief can be granted." *Tomer*, 2008 ME 190, ¶ 9, 962 A.2d 335.

As a threshold matter, it should be noted that no § 1983 claim can be brought against the WCB because it is a government agency, and § 1983 only provides causes of action against:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

42 U.S.C. § 1983 (emphasis added). Because an agency is not a "person" as envisioned by the statute, NHB has no cause of action under § 1983. *See Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) ("neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action."); *Marr v. Me. Dep't of Human Servs.*, Civil No. 01-224-B-C, 2002 U.S. Dist. LEXIS 7378, at *7 (D. Me. Apr. 24, 2002) (holding that "[t]he defendant must be a 'person' within the statute's reach.").

4

Additionally, Maine's courts have held that "[t]o formulate a cognizable section 1983 claim, a plaintiff must allege that the state deprived him or her of a protected liberty or property interest without due process of law." *Boucher v. Me. Workers' Comp. Bd.*, 2011 Me. Super. LEXIS 123, at *3 (June 30, 2011) (*quoting Kane v. Comm'r of Dep't of Health and Human Servs.*, 2008 ME 185, ¶ 30 n.4, 960 A.2d 1196). However, "where state law provides adequate redress to a plaintiff deprived of a constitutionally protected property interest, no section 1983 action will lie." *Moreau v. Town of Turner*, 661 A.2d 677, 680 (Me. 1995) (quotation marks and citation omitted). Such adequate redress is provided by Rule 80C; any constitutional challenge a petitioner seeks to bring must be addressed in the 80C petition, or in other words, NHB must raise all its constitutional arguments within the scope of the administrative process. *See Boucher*, 2011 Me. Super. LEXIS 123, at *3 (holding that "even if the petitioners have alleged that the state deprived them of a protected liberty or property interest, if state procedures are adequate to compensate the petitioners for their loss, then no § 1983 claim will lie."). *See also Gorham v. Androscoggin County*, 2011 ME 63, ¶¶ 21-25, 21 A.3d 115; *Gregory v. Town of Pittsfield*, 479 A.2d 1304, 1308 (Me. 1984), *cert. denied by Gregory v. Pittsfield*, 470 U.S. 1018 (1985); *Jackson v. Town of Searsport*, 456 A.2d 852, 858-59 (Me. 1983), *cert. denied sub nom Jackson v. Handley*, 464 U.S. 825 (1983). Accordingly, Defendant's motion to dismiss Count II of Plaintiff's complaint must be granted.

It appears agreed that the following is the history of the proceedings before the WCB. The Defendant conducted an audit of the Plaintiff's coverage in 2010. In a letter dated September 26, 2011, the Board's abuse and investigation unit notified the Plaintiff that it may have violated the Workers' Compensation Act by "failing to obtain or maintain approved workers' compensation insurance coverage for its employees as required by 39-A M.R.S.A. §

5

324(3), 401 & 403." At a prehearing conference, Plaintiff raised the issue whether, as a matter law, it had complied with § 324(3) of the Act and the hearing officer allowed the parties to submit position papers with respect to the issue. After considering the respective positions, the hearing officer rejected the Plaintiff's argument that purchasing a policy on an employee or some employees fulfilled the statutory mandate in 39-A M.R.S.A. § 401(1) to purchase a policy covering all employees. The Plaintiff requested that the hearing officer refer the legal questions to the full Workers' Compensation Board arguing that the WCB should not find a violation for failing to provide coverage for all benefits to any employee where the employees had previously been predetermined as independent contractors.

The workers' compensation policy, as a matter of law, covers all claims for benefits under the Act by any one found to be an employee entitled to benefits. But Plaintiff was found to have failed to "secure the payment" of compensation under the Act. The hearing officer declined to refer the case to the full Board deciding that once a final decision was issued the case would be ready for a review, if necessary, by the full Board. In January 2012, at a conference, Plaintiff indicated the possibility of initiating litigation on a "threshold jurisdictional" issue. Hearings were held in March and April 2012. The complaint was filed with this Court on April 6, 2012.

The difficulty facing the Court is the nature of the manner in which this case is before it. The WCB has not issued a decision, nor has it imposed sanctions. The complaint seems to be asking this Court to declare, as a matter of law, that the determination by the hearing officer that the specific policies of workers' compensation insurance maintained by the Plaintiff does not comply with the law and therefore the WCB should be enjoined from conducting any further proceedings. This is an extraordinary request. It does not appear that the WCB has adopted the

6

hearing examiner's decision or has otherwise made a decision regarding whether Plaintiff is in violation, and whether to impose sanctions as provided by law. Further, based upon the proceedings that appear to be in evidence, there is no indication that it is the intent of the WCB to violate or otherwise fail to comply with its powers under Title 39-A.

First, 39-A M.R.S.A. § 324(3) sets forth sanctions, including monetary penalties, for employers who fail to procure insurance coverage for the payment of compensation and other benefits to their employees. *See* 39-A M.R.S.A. § 324(3). Since the leveling of such monetary penalties depends on whether or not a specific worker is an employee or an independent contractor, as defined under the Act, the Act provides that making this determination falls within the jurisdiction of the WCB. *See* 39-A M.R.S.A. § 152(1), (2), and (7).

Section 324(3) is tied directly to §§ 401 and 403, which address the consequences of failing to procure insurance coverage for employees for the payment of compensation within the meaning of § 324(3). Section 401(1) provides that "[e]very private employer, including an independent contractor who hires and pays employees, is subject to this Act and shall secure the payment of compensation in conformity with this section and sections 402 to 407 with respect to all employees, subject to the provisions of this section."[1] 39-A M.R.S.A. § 401(1). Last, at least for subject matter purposes, § 403 provides:

> An employer subject to this Act shall secure compensation and other benefits to the employer's employees in one or more of the ways described in this section. The failure of any employer subject to this Act to procure insurance coverage for the payment of compensation and other benefits to the employer's employees in one of the ways described in this section constitutes failure to secure payment of

---

[1] Please note that since the WCB filed its motion to dismiss and now, § 401 has undergone a change. The original § 401(1) language, as cited by the WCB, has been altered, and new language was made effective as of December 31, 2012. Where the language cited includes "an independent contractor who hires and pays employees . . . ," whereas the original language is broader in scope, referring generally to "[e]very private employer . . . ." This change does not appear to affect the issue of subject matter jurisdiction; the Court merely wishes to note the change.

7

compensation provided for by this Act within the meaning of section 324, subsection 3 and subjects the employer to the penalties prescribed by that section.

39-A M.R.S.A. § 403. Additionally, subsection (1) states: "[t]he employer may comply with this section by insuring and keeping insured the payment of such compensation and other benefits under a workers' compensation insurance policy." 39-A M.R.S.A. § 403(1).

In the event that a plaintiff fails to secure payment on behalf of the employees it is subject to the following: (a) become an employer who is guilty of a Class D crime; (b) become liable to pay a civil penalty up to $10,000 or an amount equal to 108% of the premium that should have been paid during the period, payable to the Employment Rehabilitation Fund; and (c) if organized as a corporation, to be subject to administrative dissolution. *See* 39-A § 324(3)(A), (B) & (C). The Act requires the employer to secure the payment of compensation with respect to all employers. Failure subjects the employer to a civil action wherein the employer is not entitled to the common law defenses as set out in the Act. *See* 39-A M.R.S.A. § 401(1) & (3). Tentatively, an employer may file proof of solvency and financial ability to pay to the superintendent of insurance and thereby self-insure its employees.

The fundamental issue raised by Plaintiff in its complaint is whether a workers' compensation policy covering one employee is sufficient to comply with the terms and spirit of the Workers' Compensation Act, where it covers all employees once their status has been determined after the fact, and where a predetermination status has been provided by the WCB to the Plaintiff making the same conclusions. Plaintiff's position is that as long as it has a policy covering at least one employee, that policy covers all employees if they are subsequently found to be employees and not independent contractors. The Defendant's position is that the employer must "secure" payment for all employees known to it at the time of the initiation of the policy in

8

order to ensure that the payments are secured immediately at the time of the claim and not after the fact. Further, there is a dispute of fact as to whether or not the Audit Report in question found individuals to be employees and not independent contractors, notwithstanding the fact that it had made predetermination status both before and after the Audit Report that an individual was an independent contractor. While that is alleged by the Plaintiff, it is unclear from the evidence whether it is a fact found by the hearing examiner.[2]

While the Defendant has argued its position with respect to the substantive issues raised by the Plaintiff, in the absence of a final decision by the WCB, it is not an official position of the Board with respect to this particular set of circumstances, and accordingly it would be inappropriate for this Court to issue a declaratory judgment. The Plaintiff may find relief under the appellate process from the Law Court.[3]

For the reasons stated herein, the entry will be:

> Defendant's motion to dismiss is GRANTED; Plaintiff's complaint is DISMISSED.

DATED: 7-12-17

Donald H. Marden
Superior Court Justice

---

[2] The Plaintiff further argues that it is required to "insure a level playing field for all employees." This is based upon an assertion that an employer could cover just one employee and therefore not be paying a realistic premium in competition with others. Plaintiff denies that the Board has that concept within its jurisdiction. Defendant asserts that 39-A M.R.S.A. § 151-A is requiring it to "serve the employees and employers of the State fairly and expeditiously by ensuring compliance with the workers' compensation laws, ensuring the prompt delivery of benefits legally due."

[3] If, in fact, the allegations by the Plaintiff against WCB that it has delayed its decision in this matter for an extraordinary period, it is entitled to relief under 5 M.R.S.A. § 11001(2): "[a]ny person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court. The relief available in the Superior Court shall include an order requiring the agency to make a decision within a time certain."

Action:  Complaint for Declaratory Relief            **J. Marden     J. Mills**
              80C

| Nate Holyoke Builders, Inc. et al | vs. | Maine Workers' Compensation Board |

Plaintiff's Attorney                                Defendant's Attorney

James Poliquin, Esq.                                John C. Rohde, Esq.
415 Congress Street                                 27 State House Station
P.O. Box 4600                                       Augusta, Maine 04333-0027
Portland Maine 04112-4600


Date of Entry

| Date | Entry |
|------|-------|
| 4/6/12 | Complaint for Declaratory & Injunctive Relief Pursuant to Rule 80C, filed.   s/Poliquin, Esq. |
| 4/26/12 | Letter entering appearance for Workers' Compensation Board, filed.  s/Rohde, Esq. |
| 5/1/12 | Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief, s/Rohde, Esq.<br>Proposed Order, filed.<br>Request for Hearing, filed. s/Rohde, Esq. |
| 5/7/12 | Administrative Record, filed. s/Rohde, Esq. (Record in Vault) |
| 5/18/12 | Consented to Motion for Extension of Time, filed. s/Poliquin, Esq.<br>Proposed Order, filed. |
| 5/21/12 | ORDER, Mills, J.<br>Upon motion of Plaintiffs, and there being no objection, the time for Plaintiffs to respond to the Defendant's motion to dismiss is hereby extended to May 25, 2012.<br>Copies to attys. of record. |
| 5/22/12 | NOTICE AND BRIEFING SCHEDULE ISSUED:<br>Copies to attys. of record. |
| 5/25/12 | Opposition to Motion to Dismiss, filed. s/Poliquin, Esq. |
| 5/31/12 | Defendant's Reply to Plaintiffs' Opposition to Motion to Dismiss, filed. s/Rohde, Esq. |
| 6/4/12 | Opposition to Motion to Dismiss with attached exhibits A and B, filed. s/Poliquin, Esq. |
| 6/12/12 | Assented to Motion to File Administrative Record and Briefs Under Seal, filed. s/Rohde, Esq. |

6/18/12      ORDER, Mills, J.
SO ORDERED. (Deft's Assented-to Motion to file Record & Briefs under seal granted.)
Copies to attys. of record.

6/22/12      Consented to Motion for Extension of Time to File Brief, files s/Poliquin, Esq.

7/2/12      ORDER, Mills, J.
Upon Motion of Plaintiffs, and there being no objection, the Plaintiffs' Motion to
Extend the Time to File their Briefs on or before July 9, 2012 is hereby granted.
Copies to attys. of record.

7/10/12      Plaintiff's Brief, filed. s/Poliquin, Esq.

7/16/12      Supplement to Administrative Record, filed. s/Rohde, Esq. (7/3/12)

8/8/12      Defendant's Brief, filed. s/Rohde, Esq.

3/27/13      Oral argument scheduled for May 8, 2013 at 9:00.
Notice of Hearing mailed to Attys Poliquin and Rohde.

5/8/13      Oral argument held, J. Marden presiding.
Appearances for James Poliquin, Esq. and John Rohde, Esq.
No record made, no clerk in courtroom.
Under advisement.

7/18/13      ORDER, Marden, J. (7/17/13)
Defendant's motion to dismiss is GRANTED; Plaintiff's complaint is DISMISSED.
Copy to Attys Poliquin and Rohde.
Copy to repositories.

7/18/13      Notice of removal of record sent to Atty Rohde.